1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY S. VAN HUISEN,                        No.  2: 24-cv-0018 KJN P

12                 Plaintiff,

13        v.                                       ORDER

14   UNITED STATES OF AMERICA, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

                                                  1

1    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

15   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

16   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

17   1227.

18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

23   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

24   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

25   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

26   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

27   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

28   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2

1    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

2    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

3    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4         Plaintiff names over 27 defendants.  In addition to the United States, other named

5    defendants include President Biden, former presidents Clinton, Obama and Trump, K. Bieker,

6    Contra Costa County Court Executive Officer, Bill Gates Jr., Janet Yellen, Treasury Department

7    Chair, and Gina Haspel, former director of the CIA.  Plaintiff's claims are largely indecipherable

8    and appear to combine conclusory terms and unrelated phrases and concepts.  For example, in his

9    first claim, which is representative of his second and third claims, plaintiff alleges:

> Tyranny.  host header.  Color of state law.  Civil conspiracy.
> Involuntary servitude.  Capitol Hill Has Lost All its Equity.  We
> Cannot Expect Anything Worth Its Weight in Value From Them.
> Ecclesiastes Chapter III.  There Is a Time for Everything Under the
> Sun.  A time to Breakdown And a Time to Restore.  In 1914 4 Gold
> Coin Went Out of Circulation Equivalent to 4 Pound of Silver (In the
> United Kingdom) (i) Sovereign Matter . . . When Civil Rights Get
> Violated, We Depreciate in Value.  We Go From Gold to Silver, To
> Copper or Bronze, All the Way Down to a Penny.  Then From There
> We Are The Salt of The Earth, If We lose [Our] Saltiness We Can't
> Be Made Salty Again.  Mathew 5:13.  Jus Descendit Et Non Terra,
> A Right Descends Not the Land.  Serpent, Sodomists, i.e. Sodom and
> Gomorrah And a Pillar of Salt.  Temple, English System of Free
> Laws.  Two English Inns Lincoln and Grey.  Civil Rights.  Silence is
> Gold And Speech is Silver.  If Someone Takes Away an Inn and Lie.
> Do nothing Gold or Silence is the Enemy.  We Have to Speak, A Call
> For Action.  Concise.
>
> [Injury:]   Genetically Engineered, or Minority to Withstand
> Despotism and Tyranny!  IIED, Implied Malice, and Outrage Caused
> By Those Less Fortunate.  Lost  Leader.  president of the United
> States, Joseph R. Biden.  Color of State Law. . . an Evil Dictator,
> Usurpation - i.e. Involuntary Sodomy.  Concise.

(ECF No. 1 at 9.)

23        Plaintiff's complaint is incomprehensible, lacks substance, contains no specific charging

24   allegations as to each defendant, and fails to identify how any named defendant violated

25   plaintiff's federal statutory or constitutional rights.  As written, the complaint fails to state a

26   potentially cognizable federal claim.  Although it is unlikely that plaintiff can cure the pleading

27   defects, the complaint is dismissed with leave to amend in an abundance of caution.

28   ////

1          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

2     about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

3     West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

4     each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

5     liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

6     defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

7     F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

8     participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

9     268 (9th Cir. 1982).

10         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

11    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12    complaint be complete in itself without reference to any prior pleading.  This requirement exists

13    because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

14    v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

15    supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

16    omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

17    function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

18    and the involvement of each defendant must be sufficiently alleged.

19         In accordance with the above, IT IS HEREBY ORDERED that:

20         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

22    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

23    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

24    Director of the California Department of Corrections and Rehabilitation filed concurrently

25    herewith.

26         3.  Plaintiff's complaint is dismissed.

27         4.  Within thirty days from the date of this order, plaintiff shall complete the attached

28    Notice of Amendment and submit the following documents to the court:

1        a.  The completed Notice of Amendment; and

2        b.  An original of the Amended Complaint.

3    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

4    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

5    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

6        Failure to file an amended complaint in accordance with this order may result in the

7    dismissal of this action.

8        Dated:  January 8, 2024

9

10   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

11

12

13   /vanh0018.14

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GREGORY S. VAN HUISEN,                    No.  2: 24-cv-0018 KJN P

12                  Plaintiff,

13           v.                                 NOTICE OF AMENDMENT

14    UNITED STATES OF AMERICA, et al.,

15                  Defendants.

16          Plaintiff hereby submits the following document in compliance with the court's order

17    filed_____.

18                      _____        Amended Complaint
      DATED:
19

20                                             _____

21                                             Plaintiff

22

23

24

25

26

27

28