UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN, | No. 2:24-cv-0018 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CLINTON ADMINISTRATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. On September 25, 2023, plaintiff filed an amended complaint. On January 8, 2024, plaintiff's complaint was dismissed with leave to amend. On January 12, 2024, plaintiff filed an amended complaint. On January 30, 2024, plaintiff filed a second amended complaint. Because plaintiff's first amended complaint was superseded by the filing of his second amended complaint, the undersigned now screens plaintiff's second amended complaint.

As discussed below, it is recommended that plaintiff's second amended complaint be dismissed as legally frivolous and without leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9 Cir. 1989); Franklin, 745 F.2d at 1227.

10      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
11 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
12 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
13 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
14 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
15 this standard, the court must accept as true the allegations of the complaint in question, Hosp.
16 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
17 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
18 McKeithen, 395 U.S. 411, 421 (1969).

19 Discussion

20      As set forth above, a complaint is legally frivolous within the meaning of 28 U.S.C.
21 § 1915 "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.  "The
22 court may . . . dismiss a claim as frivolous where it is based on an indisputably meritless legal
23 theory or where the factual contentions are clearly baseless." Howell v. Johnson, 2021 WL
24 3602139, at *1 (E.D. Cal. 2021) (citing Neitzke, 490 U.S. at 327).  "The critical inquiry is
25 whether a . . . claim, however inartfully pleaded, has an arguable legal and factual basis." Id.
26 (citations omitted).

27      Here, plaintiff's second amended complaint is based on indisputably meritless legal
28 theories.  Examples of claims based on an indisputably meritless legal theory include claims of

2

infringement of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. Plaintiff purports to bring this suit against President Joe Biden and Vice President Kamala Harris, and former presidents Barack Obama, Bill Clinton and the Clinton Administration, and George Bush Jr. and Sr., among others, but there appears to be no plausible connection between plaintiff and such defendants.

For example, as to Vice President Harris, plaintiff declares:

> Protecting an incumbent, diminution, civil conspiracy, illicit cohabitation. An immoral contract on the plaintiff. Pue Autzie Vie. The Hatch Act, Isaiah 59:5. Non possesori incumbit necessitas probandi possessions ad se pertinere, "A person in possession is not bound to prove that possessions belong to him.". . . The plaintiff's life runs on all fours. "Silence is gold but speech is silver." Ancient writings. Ecclesiastes Chapter III. A time to speak and a time to refrain from speaking. The revolution. Possession is 9 tenths of the law. See Van Huisen vs. House of Representatives, 2:23-cv-1869 CKD (P). A case of 1st impression. Concise. "It is their right, it is their duty, to throw off such government and provide new guards for their future security. Civil rights, personal trespass.

(ECF No. 14 at 35.) As to George Bush, Jr., plaintiff declares:

> The Hatch Act. . . . Even the corruption of the best is the worst of all. Defendant did to plaintiff, undue influence -- outlawry. They hatch eggs & weave the spiders, those who eat of their eggs die and from that which is crushed a viper breaks out. The Hatch Act, prospering while in insurrection. . . .

(ECF No. 14 at 43.) Later, plaintiff raises three claims:

    1. Eighth Amendment violation based on "tyranny, lost leader, color of state law, civil conspiracy, involuntary servitude, Capitol Hill has lost its value. . . ." (ECF No. 14 at 56.)

    2. Thirteenth Amendment violation "despot, posterity, piracy, interpose, bribery and theft by deception," based on the Declaration of Independence, abolishing the free system of English laws. . . . (ECF No. 14 at 57.)

    3. Fourteenth Amendment violation "fore-judger! Reconstruction amendments -- crude oil against thereof," based on Psalms, "the revolution. . . . " (ECF No. 14 at 58.)

Plaintiff's factual allegations are incomprehensible and appear to be baseless. Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke, 490 U.S. at 325, 327, 328).

1   Thus, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of
2   the irrational or the wholly incredible, whether or not there are judicially noticeable facts
3   available to contradict them." Denton, 304 U.S. at 33.  Plaintiff's factual allegations are
4   incomprehensible.  Although plaintiff provides a separate declaration for each of the 27 named
5   defendants, all of the declarations are similarly incomprehensible.

6   Therefore, the undersigned concludes that plaintiff's second amended complaint is legally
7   frivolous, fails to state any claims that are plausible, and the undersigned recommends that this
8   action be dismissed.

9   Because the second amended complaint is incomprehensible with no basis in fact or law,
10  it is recommended that plaintiff should not be granted leave to amend; leave to amend would be
11  futile.  See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be
12  classified as frivolous or malicious, there is, by definition, no merit to the underlying action and
13  so no reason to grant leave to amend."); accord Badfoot v. Estelle, 874 F.2d 815 and n.1, 4 (9th
14  Cir. 1989) (Unreported, Table) (affirming dismissal of prisoner's complaint without leave to
15  amend based on finding it incomprehensible).

16  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's second amended
17  complaint be dismissed without leave to amend, and this action be terminated.

18  These findings and recommendations are submitted to the United States District Judge
19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
20  after being served with these findings and recommendations, plaintiff may file written objections
21  with the court and serve a copy on all parties.  Such a document should be captioned
22  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
23  failure to file objections within the specified time may waive the right to appeal the District
24  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  Dated:  February 2, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vanh0018.56